**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ANTONIO LOPEZ, | No. C 09-00803-SBA |
| Plaintiff, | **ORDER** |
| v. | **[Docket No. 17]** |
| WACHOVIA MORTGAGE, FSB, et al., | |
| Defendants. | |

On February 24, 2009, Defendant Wachovia Mortgage, FSB (formerly World Savings Bank, FSB) removed the action to this Court on the ground that certain of Plaintiff's claims arise under federal law. 28 U.S.C. § 1331. On June 3, 2009, Defendants filed a motion to dismiss the Complaint in its entirety. The motion is set for hearing on July 14, 2009. Under Local Rule 7-3, any opposition to the motion or statement of non-opposition must be filed no later than 21 days before the hearing date. The Court's Standing Orders specifically warn that failure to file an opposition to a motion shall constitute a consent to the granting of the motion. To date, the Court has received no opposition or other response to the motion.

The Ninth Circuit has held that the failure to file an opposition to a motion to dismiss is grounds for granting the motion. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). In *Ghazali*, the court noted that in exercising its discretion to dismiss the action, the district court is "required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Id. (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)); Fed. R. Civ. Proc. 41(b).

1    The first and second factors both favor dismissal.  A litigant's failure to comport with the
2 Court's filing schedules undermines the Court's ability to move the case forward by setting a case
3 management schedule or a trial date.  Such non-compliance inherently delays resolution of the case
4 and inures to the detriment of the public.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir.
5 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine
6 noncompliance of litigants[.]"); *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)
7 (recognizing court's need to control its own docket); *see also Ferdik v. Bonzelet*, 963 F.2d 1258,
8 1261 (9th Cir. 1992) (non-compliance with a court's order diverts "valuable time that [the court]
9 could have devoted to other major and serious criminal and civil cases on its docket.").  The first
10 two *Ghazali* factors strongly support dismissal.

11   The third factor, the risk of prejudice to the Defendant, is related to the strength of the
12 Plaintiff's excuse for the default.  *See Yourish*, 191 F.3d at 991.  Here, Plaintiff has offered no
13 "excuse" for his conduct.  Plaintiff failed to file an opposition and has not otherwise attempted to
14 contact the Court regarding his failure to do so.  This *Ghazali* factor also weighs in favor of
15 dismissal.  *See Yourish*, 191 F.3d at 991; *Ghazali*, 46 F.3d. at 54.

16   The fourth factor favoring disposition of cases on the merits, by definition, weighs against
17 dismissal.  *Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.
18 Thus, this factor weighs against dismissal.")

19   Finally, the Court has considered less drastic alternatives to dismiss.  As noted, the Court's
20 Standing Orders warn that as a consequence of a party's failure to oppose a motion, the Court will
21 construe such inaction as a consent to the motion.  "[A] district court's warning to a party that failure
22 to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic
23 sanctions]' requirement."  *Ghazali* (affirming grant of unopposed motion to dismiss where the
24 plaintiff was warned that failure to respond to the motion would be deemed to be a "consent" to the
25 granting of the same); *Ferdik*, 963 F.2d at 1262.

26   Here, Plaintiff has failed to follow both a local rule, applicable to all litigants in the Northern
27 District of California, as well as this court's standing order. In sum, the Court concludes that the

28

2

1  relevant factors weigh strongly in favor of granting Defendants' motion as unopposed and
2  dismissing the action in its entirety.  Accordingly,
3       IT IS HEREBY ORDERED THAT Defendants' unopposed motion to dismiss [Docket No.
4  17]  is GRANTED.  There being no other party having appeared in the action, the Clerk shall close
5  the file and terminate all pending matters and deadlines.

7       IT IS SO ORDERED.

9  Date:  7/13/09         _____
        Saundra Brown Armstrong
10         United States District Judge

3